**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

SARBJOT KAUR,

                Petitioner,

   v.

ERIC H. HOLDER, Jr., Attorney General,

                Respondent.

No. 10-71104

Agency No. A089-671-082

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted August 8, 2012[**]

Before:    ALARCÓN, BERZON, and IKUTA, Circuit Judges.

    Sarbjot Kaur, a native and citizen of India, petitions for review of the Board

of Immigration Appeals' order dismissing her appeal from an immigration judge's

decision denying her application for asylum, withholding of removal, and

protection under the Convention Against Torture ("CAT"). We have jurisdiction

---

    [*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

    [**]    The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

under 8 U.S.C. § 1252. We review for substantial evidence the agency's factual findings, applying the standards governing adverse credibility determinations created by the REAL ID Act. *Shrestha v. Holder*, 590 F.3d 1034, 1039 (9th Cir. 2010). We deny the petition for review.

Substantial evidence supports the agency's adverse credibility determination based on the inconsistency in Kaur's story regarding how her uncle learned about her arrest, *see Kin v. Holder*, 595 F.3d 1050, 1058 (9th Cir. 2010) (upholding adverse credibility finding based on inconsistencies regarding circumstances of arrest and release), and on the inconsistencies between Kaur's testimony and documentary evidence regarding various addresses, *see Goel v. Gonzales*, 490 F.3d 735, 739 (9th Cir. 2007) (per curiam) (inconsistencies between testimony and documentary evidence support an adverse credibility finding); *see also Shrestha*, 590 F.3d at 1045-48 (adverse credibility determination was reasonable under the REAL ID Act's "totality of circumstances"). Kaur's explanations do not compel a contrary conclusion. *See Rivera v. Mukasey*, 508 F.3d 1271, 1275 (9th Cir. 2007). In the absence of credible testimony, Kaur's asylum and withholding of removal claims fail. *See Farah v. Ashcroft*, 348 F.3d 1153, 1156 (9th Cir. 2003).

Because Kaur's CAT claim is based on the same testimony found to be not credible, and she does not point to any other evidence that shows it is more likely

than not that she will be tortured if returned to India, her CAT claim also fails. *See id.* at 1156-57.

**PETITION FOR REVIEW DENIED.**